**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**LARRY MAYNARD,**

**Plaintiff**

**v.** **CIVIL NO. 2:13-cv-306**

**SEARS, ROEBUCK AND COMPANY,**

**Defendant.**

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Larry Maynard ("Plaintiff") alleges that he tripped and fell on a plastic mat in the aisle of a Sears store in the city of Chesapeake, Virginia on January 23, 2011, sustaining serious injuries. Plaintiff further alleges that the mat constituted a hazardous condition and was due to Sears, Roebuck and Company's ("Defendant") negligence. Defendant, however, argues that there is no evidence that it had notice of any danger associated with the mat and therefore cannot be liable for any injuries Plaintiff may have sustained as a result of the accident. The matter is currently before the Court on Defendant's Motion for Summary Judgment. ECF No. 7. For the reasons set forth herein, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

On January 23, 2011, Plaintiff was shopping in a Sears store in Chesapeake, Virginia. While looking for air purifiers, he turned to walk down an aisle approximately three feet wide between shelving units, but tripped on a clear or gray "sport court" plastic mat on the gray linoleum floor. Plaintiff had walked past the corner of this aisle moments earlier, but stated that he did not see the mat then "because I was looking up in the air at the shelves." Maynard Dep.

47:23–24, ECF No. 8-2. Plaintiff also stated that he did not see the mat at the time he tripped on it because he was "looking at the next shelf." Id. at 48:18–19. Plaintiff was wearing rubber-soled shoes at the time.

Sport court mats are modular, plastic mats that snap together; the store used them on its floors and placed boxes and merchandise on them. The mat in question was approximately 30 inches wide and 12 inches long, and pictures provided of similar sport court mats show that they are of little thickness. Mem. in Supp. 2, ECF No. 8. The mat was clear or gray and did not have any border around it. Plaintiff testified in his deposition that the mat was clear, but the store's general manager stated in his own deposition that the store only used gray sport court mats. The record also establishes that there was merchandise on the mat. Hines Dep. 16:23–24, ECF No. 9-1.

A Sears sales associate, Ronald Hines, came to Plaintiff's assistance immediately after the accident. Hines reported the incident to a Ms. Kendrick in the store's loss prevention department, who took a photo of the area where it occurred and wrote a note on the picture that the mat had been removed by the time she took the photo. Plaintiff was told by a store employee that the mat "wasn't supposed to have been there." Maynard Dep. 60:7, ECF No. 8-2. The aisle where the accident happened was between the mattress and vacuum department and the lawn and garden department; the former department did not use sport court mats, while the latter did.

## II. PROCEDURAL BACKGROUND

Plaintiff filed suit in the Circuit Court of the City of Norfolk on January 22, 2012. ECF No. 1-1. Defendant removed the case from state court on May 30, 2013, ECF No. 1, and on the same day filed a copy of its Answer to the original Complaint, ECF No. 3.

On November 5, 2013, Defendant filed the instant Motion for Summary Judgment. ECF No. 7. Plaintiff filed a Memorandum in Opposition to the same on November 15, 2013. ECF No.

9. The matter having been fully briefed, it is now ripe for decision.

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED

### A. STANDARD OF REVIEW

Defendant moves for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In consideration of a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). Summary judgment will, however, "be granted unless 'a reasonable jury could return a verdict for the nonmoving party' on the evidence presented." Kelley v. United Parcel Service, Inc., No. 12-2343, 2013 WL 2480211, at *1 (4th Cir. June 11, 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Id. (quoting Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002)).

Courts sitting in diversity must apply the forum state's substantive law. Salve Regina Coll. v. Russell, 499 U.S. 225, 226 (1991) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Under Virginia law, a store is not an insurer of its invitees' safety. Franconia Assocs. v. Clark, 463 S.E.2d 670, 672 (Va.1995). However, it must exercise reasonable care to make the premises safe for customers. Tate v. Rice, 227 Va. 341, 345, 315 S.E.2d 385, 388 (1984).

When a customer slips or trips and falls due to an object on a store floor, the Supreme Court of Virginia has acknowledged that the generally applicable rules are "well settled." Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182, (1990). The store's duty to exercise ordinary care toward its customers includes removing, in a reasonable time, dangerous floor conditions "which it may have placed there or which it knew, or should have known, that other persons had placed there," or at least warning customers about such hazards. Id. (quoting Colonial Stores v. Pulley,

203 Va. 535, 537 (1962)). A plaintiff has the "burden to prove that [the defendant] had either actual or constructive notice" of hazards on its floors before the defendant will be held liable for injuries they cause customers. Id. at 184. Actual notice requires "the plaintiff to prove that the defendant knew [the hazard] was there," while constructive notice is satisfied by showing that the hazard "had been there long enough that the defendant ought to have known of its presence." Pulley, 203 Va. at 537.

However, even if the owner of the premises was negligent in creating a hazardous floor condition (or allowing one to remain), a plaintiff's contributory negligence is an affirmative defense under Virginia law. Tazewell Supply Co. v. Turner, 213 Va. 93, 95 (1972) (quoting Gottlieb v. Andrus, 200 Va. 114, 117 (1958)) ("If it appears that [the customer] failed to exercise reasonable care and that such failure was a contributing cause of the accident, she is not entitled to have damages from the defendant."). Dangerous conditions which are open and obvious require no notice to customers. Gottlieb, 200 Va. at 117 ("[N]o notice or warning was required if the alleged dangerous condition was open and obvious to a person exercising reasonable care for his own safety."). In Tazewell, the Supreme Court of Virginia held that a box on the floor in a cross aisle of a store constituted an open and obvious condition, and thus the plaintiff not looking and tripping over it as she entered the aisle was contributory negligence. 213 Va. at 94–96. Contributory negligence in such cases is often decidable as a matter of law by the court. Kelly v. Food Lion, LLC, 3:11-CV-00080, 2012 WL 5397227 (W.D. Va. Nov. 2, 2012) (collecting cases) ("A number of Virginia cases have found plaintiffs contributorily negligent as a matter of law when they tripped over boxes or other obstructions in store aisles.").

### B. PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE OF NEGLIGENCE

In the instant case, Plaintiff has no direct evidence that the Sears store in which he was injured knew of any dangerous condition caused by the sport court mat. He has no evidence of

when or why any dangerous condition existed so as to show that the store ought to have become aware of the alleged danger, if any.

Instead, Plaintiff appears to attempt to invoke the doctrine of res ipsa loquitur by arguing that "[t]he placement of the 'sports court' mats is the store's responsibility" and that the mat Plaintiff tripped on "was a store controlled item." Mem. in Opp. 7, ECF No. 9. However, res ipsa is not applicable in this case because, in addition to lacking any evidence that Sears knew or should have known about an alleged dangerous condition, Plaintiff also has no evidence that this mat was inherently dangerous.

In slip and fall cases where the doctrine of res ipsa applies, "no question of notice arises" at all. White v. Sears, Roebuck & Co., 242 F.2d 821, 823 (4th Cir. 1957). This is because for res ipsa to apply, "the instrument causing the injury must have been in the exclusive possession of the defendant." Stein v. Powell, 203 Va. 423, 426 (1962). In such a situation, the defendant by definition knew or should have known about it. Unfortunately for the Plaintiff, exclusive control by the defendant is only one of the requirements for invoking res ipsa. As the Supreme Court of Virginia said,

> Res ipsa loquitur is not an arbitrary formula, but is a phrase of limited application. The mere fact of an accident does not warrant its application. It is applied only when the circumstances attending the accident, without further proof, are such that in the ordinary course of events the accident could not have happened except on the theory of negligence.

Beer Distributors v. Winfree, 190 Va. 521, 525 (1950) (quoting Hunker v. Warner Bros. Theatres, 115 W.Va. 641 (1934)). Only then does "the doctrine raise[] a presumption or permit[] an inference of negligence on the part of the proprietor" Id.

Assuming that the mat was in the exclusive possession of Defendant, there is still no "further proof" to support an inference that, "in the ordinary course of events," Plaintiff's accident could not have happened unless Defendant was negligent. Id. Common experience

teaches that mats are not uncommon, and in this particular store sport court mats were used in many areas. Plaintiff can offer no explanation for why the placement of this mat in this area is such that "in the ordinary course of events" he would not have tripped "without fault on the part of the defendant," as required before res ipsa applies. Arnold v. Wood, 173 Va. 18, 25 (1939). It is not enough to invoke res ipsa to merely allege, as Plaintiff does here, that the store placed the mat and Plaintiff tripped on the mat. Plaintiff has failed to show why something so unremarkable as a store mat is something that speaks for itself where negligence is concerned.

The Court **FINDS** that the circumstances of the accident—a man tripping on a store mat—are not so unusual as to raise a presumption that Defendant must have been negligent. For this reason, res ipsa is not applicable and so Plaintiff fails to meet his burden. Thus, the instant Motion for Summary Judgment must be **GRANTED**.

### C. PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW

Even if Plaintiff had established a prima facie case, he cannot recover if it is shown that he is contributorily negligent. The mat involved was open and obvious, Plaintiff did not look where he was walking, and nothing obstructed Plaintiff's view of the mat.

In one Virginia case, a woman was found contributorily negligent for failing to look into a well lighted cross aisle as she entered it and tripped over a box in it—an open and obvious condition. Tazewell Supply Co. v. Turner, 213 Va. 93, 96 (1972) (citing Gottlieb v. Andrus, 200 Va. 114 (1958), which came to the same conclusions on similar facts). In another case, a plaintiff tripped over a long, flat box in a store furniture display that she did not look down to see and was found contributorily negligent because the thin box on the floor was open and obvious. Cameron v. K Mart Corp., 3:09CV81, 2010 WL 2991014 (W.D. Va. July 30, 2010). In fact, a circular depression that measured between four and eight inches wide and between one-fourth and one inch deep in a lit store parking lot at night was an open and obvious condition, and the plaintiff

who failed to see it because she wasn't looking where she was walking was contributorily negligent as a matter of law. Richards v. Wal-Mart Stores E., L.P., CIV. 6:07CV24, 2008 WL 1860198 (W.D. Va. Apr. 25, 2008).

In the instant case, Plaintiff testified at his own deposition concerning the reason he didn't see the mat when he passed the corner of the aisle before the incident: "because I was looking up in the air at the shelves." Maynard Dep. 47:23–24, ECF No. 8-2. At the time of the accident itself he stated that he was "looking at the next shelf." Id. at 48:18–19. Thus in or around the area of the mat, Plaintiff was not looking where he was walking. Although Plaintiff argues that the mat was clear, not gray, the record shows that it was readily visible to everyone—including the Plaintiff, later—who looked in its direction. Plaintiff testified that the area was "[f]ully lighted" and that there was nothing that obscured or blocked his view of the mat. Id. at 38:23, 49:4–5. In the words of the Richards case, "Taken together with the photographs and the fact that the [mat] was readily apparent to Plaintiff and others after the accident, the undisputed facts are such that no reasonable jury could find that a person who was 'maintaining a lookout commensurate with the circumstances' could not and should not have seen" the mat. 2008 WL 1860198 at *4.

Thus, the Court **FINDS** that, in addition to failing to establish a prima facie case of negligence, Plaintiff was also contributorily negligent in the accident, a finding that also requires that Defendant's Motion for Summary Judgment be **GRANTED**.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 7.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
January 10, 2014